**In the Matter of Jane A. EGGERS, Debtor.**

**Joseph M. TARLANO, Plaintiff,**

v.

**Jane A. EGGERS, Defendant.**

**Bankruptcy No. 81-2328.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

March 12, 1982.

Ray Graham, Sarasota, Fla., for plaintiff.

David W. Steen, Tampa, Fla., for defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a business reorganization case filed by Jane A. Eggers, the Debtor involved in the above-captioned Chapter 11 case. The matter under consideration is a complaint which seeks modification of the automatic stay pursuant to § 362(d) of the Bankruptcy Code alleging that the Debtor has no equity in the property; and it is not necessary to effectuate a reorganization.

The matter came on for a duly scheduled preliminary hearing pursuant to § 362(e) of the Code at which time the Court heard testimony of witnesses and having considered the record together with the exhibits now finds and concludes as follows:

The Debtor was, at one time, a real estate salesperson purchasing and selling real estate, primarily on her own account. She is, at this time, inactive, unemployed and her sole income is the money she receives from her former husband. The Debtor is the owner of certain real property located in Sarasota County, Florida. The property is encumbered by a first mortgage in favor of United First Federal in the approximate amount of $43,000, a second mortgage in favor of the Plaintiff involved in this case, and a third mortgage in favor of Reed D. Farrell. In addition, the property is encumbered by two judgment liens, one in favor of Custom Floor in the amount of $461.37 and the other in favor of Stottlemyer and Shoemaker Lumber Company in the amount of $5,313.81 and a judgment in favor of Thurston's Appliances, Inc. in the amount of $315.98. None of these judgment liens are voidable under any of the voiding powers granted to the Trustee by the Code; §§ 544, 545 and 548 of the Bankruptcy Code.

The record reveals that the Plaintiff involved in this case instituted an action to foreclose his mortgage in the Circuit Court for Sarasota County, Florida, Case No. 81–1593 CA 01 and on November 23, 1981 obtained a final judgment in the amount of $51,399.61 representing the principal, earned interest and costs. The Court also awarded a final judgment in favor of the holder of the third mortgage in the amount of $9,362 representing the principal, interest and costs.

The final judgment directed that in the event the judgments awarded by the Court are not paid within three days from the date, the Clerk shall proceed to sell the property at a public sale on December 16, 1981. On December 15, 1981, or one day before the scheduled sale, the Debtor filed her petition for relief in this Court. For this reason, the scheduled sale was cancelled. The Plaintiff now seeks relief from the automatic stay for the purpose of obtaining leave from this Court to complete the foreclosure action.

The record reveals that this property was initially listed with a registered real estate broker for sale as early as December 17, 1980 for an asking price of $129,000. On April 16, 1981, the property was relisted again for the asking price of $119,000. None of the listings produced any tangible results. The price was lowered again to $114,000, albeit, this listing was never actually formalized. The testimony indicates that this property is currently worth between $105,000 and $109,000 and after payment of closing costs and broker fees a sale could possibly net $100,000 or less than the combined indebtedness against the property. While the holder of the second mortgage kept the payments current on the first mortgage until the action was filed, it now appears that he is no longer making the payments and neither is the Debtor who has not made any payments on the first mortgage for over a year. The property is currently rented by the Debtor at a rate of $300 per month which, of course, would not be sufficient to service the three mortgages. The Debtor also owns her residence and these two properties and her residence are her sole real estate holdings at this time. It is evident that this Debtor is not engaged in any business in a conventional sense and there is, in fact, no business which could be reorganized under Chapter 11.

Having concluded that there is no realizable equity in the property, and that the property is not needed for an effective reorganization since this is really not a business reorganization case and was filed solely for the purpose of gaining time in hopes that the Debtor will be able to salvage an equity in this property, this Court is satisfied that the Plaintiff is entitled to relief sought pursuant to the mandate of § 362(d)(2).

A separate final judgment will be entered in accordance with the foregoing.