In re CHESTNUT HILL MORTGAGE
CORP., Debtor.

Joseph BRAUNSTEIN, Trustee in
Bankruptcy of Chestnut Hill
Mortgage Corp., Plaintiff,

v.

Dorothy M. DICKINSON, Defendant.

Bankruptcy No. 89–13661–CJK.

United States Bankruptcy Court,
D. Massachusetts.

July 8, 1993.

Robert E. Dickinson, Needham, MA, for defendant.

Dennis E. McKenna, Boston, MA, for plaintiff.

## MEMORANDUM OF DECISION ON AUTHORITY TO CONDUCT JURY TRIAL

CAROL J. KENNER, Bankruptcy Judge.

The Chapter 7 Trustee, Joseph Braunstein, seeks in this adversary proceeding to avoid and recover, both as fraudulent conveyances (pursuant to 11 U.S.C. § 548(a)) and preferential transfers (pursuant to 11 U.S.C. § 547(b)), five payments made by the Debtor to the Defendant, Dorothy M. Dickinson, totalling $42,990. The Defendant has demanded a jury trial on both counts, and, as she has not filed a claim in this bankruptcy case, is entitled to a jury trial. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (parties who had not submitted claim against bankruptcy estate had right to jury trial when sued by trustee in bankruptcy to recover allegedly fraudulent monetary transfer); *Langencamp v. Culp,* 498 U.S. 42, 43–45, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends on whether the creditor has submitted a claim against the estate). Therefore the Court raised *sua sponte* the issue of whether a bankruptcy judge has authority to conduct a jury trial in a core proceeding.[1] The Court offered the parties the opportunity to submit briefs on the issue or to file motions under 28 U.S.C. § 157(d) to withdraw the reference of this adversary proceeding to the District Court. The Plaintiff did neither, the Defendant both.

This Court, following four of the five courts of appeals that have addressed this issue, holds that it lacks authority to conduct jury trials in core proceedings. *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990), *In re Kaiser Steel Corp.,* 911 F.2d 380, 389–392 (10th Cir.1990), *In re Baker & Getty Financial Services, Inc.,* 954 F.2d 1169, 1172–1174 (6th Cir.1992), and *Matter of Grabill Corp.,* 967 F.2d 1152 (7th Cir. 1992).[2]

In essence these courts reasoned as follows. Bankruptcy judges do not derive their authority from Article III of the United States Constitution and so are not implicitly vested with the essential attributes of Article III power. Rather, they have only the limited powers accorded them by legislative grant of authority, especially the authority set forth in 28 U.S.C. § 157.

---

1. Core proceedings include proceedings to determine, avoid, and recover preferences and fraudulent conveyances. 28 U.S.C. § 157(b)(2)(F,H).

2. The First Circuit Court of Appeals has not addressed this issue.

That section specifically authorizes bankruptcy judges to "hear and determine ... all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). It does not assign the duty to hear and determine to juries, or even to the bankruptcy *court*, of which a jury might be deemed a necessary part, but to bankruptcy "judges," and it does not authorize the judges to delegate this duty to juries. Nowhere did Congress explicitly grant to bankruptcy judges the authority to conduct jury trials. At best, such authority is not only implicit but also ambiguous. More than likely, Congress simply did not consider the issue. Moreover, the Magistrates Act shows that Congress has seen fit, when granting a non-Article III tribunal the authority to conduct jury trials, to do so expressly. *See* 28 U.S.C. § 636(a)(3), (c)(1). In view of the legislative nature of bankruptcy judges' authority and the absence of an express, or even a clearly implicit, grant of authority to conduct jury trials, the above courts of appeals have held that the bankruptcy judges may not conduct jury trials.

Only the Second Circuit has reached the opposite conclusion. *See In re Ben Cooper, Inc.*, 896 F.2d 1394, 1402–1403 (2d Cir.1990), *cert. granted*, 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990), *judgment vacated and remanded*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *opinion reinstated*, 924 F.2d 36 (2d Cir. 1991), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). The Court acknowledged the lack of specific statutory authorization to conduct jury trials. But it went on to note that bankruptcy judges are authorized in 28 U.S.C. § 151 to "exercise the authority conferred under this chapter with respect to any action, suit, or proceeding," and in 28 U.S.C. § 157(b) to conduct trials and issue final orders in core proceedings. The Court concluded that these statutes should be deemed to authorize jury trials in bankruptcy courts where (1) Congress intended that core proceedings be adjudicated in the bankruptcy court and (2) per *Granfinanciera*, some core proceed-

ings must, under the Seventh Amendment, be tried to a jury. *Id.* at 1402. "Construing the Bankruptcy Code to allow jury trials in the bankruptcy court is the only way to reconcile these various concerns." *Id.*

But this conclusion ignores that 28 U.S.C. § 157(d) permits the district court to withdraw from the bankruptcy court any proceeding referred to the bankruptcy court under § 157(a). In the relatively few bankruptcy proceedings that require a jury, the need to provide a jury trial can be satisfied by trying the proceeding in the district court, which clearly has jurisdiction over such proceedings (the bankruptcy court's jurisdiction is derived entirely from the district court's bankruptcy jurisdiction under 28 U.S.C. § 1334) and the authority (not to mention the expertise and the logistical wherewithal) to conduct jury trials. Therefore, it is not necessary to construe §§ 151 and 157(b) as authorizing bankruptcy judges to conduct jury trials.

> It is not enough that the implied power is consistent with the legislation from which it is implied. "The power to be implied ... must be practically indispensable and essential in order to execute the power actually conferred." 2A Sutherland Stat. Const. § 55.03.

*In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d at 1456.

Therefore, this Court rejects the conclusion in *Ben Cooper*, and, for the reasons set forth above and at greater length in the four circuit opinions that constitute the majority, concludes that it lacks the authority to conduct the jury trial to which the Defendant is entitled. The Court therefore will transmit to the District Court the Defendant's motion for withdrawal of the reference.[3]

---

3. In her brief on the jury trial right, the Defendant requested that, if this Court declined to

conduct the jury trial to which she is entitled, her Motion for Withdrawal of Proceeding to the

District Court be forwarded to the district court for adjudication.