In re Gaylord Veryl HOUGHTON and Blanche Iris Houghton, dba Bank Repossession Depository Station, dba Repo Depo, dba Repo Depo II, Debtors.

Margaret F. WILCOX and Gerald R. Wilcox, Plaintiffs,

v.

Gaylord Veryl HOUGHTON and Blanche Iris Houghton, dba Bank Repossession Depository Station, dba Repo Depo, dba Repo Depo II; John R. Boylan and Jane Doe Boylan, husband and wife, Defendants.

Bankruptcy No. 93–03176.
Adv. No. A93–08880.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Feb. 15, 1994.

James J. Sullivan, Issaquah, WA, for plaintiffs.

Andrew T. Nielsen, Nielsen & Nielsen, Inc., P.S., Everett, WA, for defendants John R. and Jane Doe Boylan.

## MEMORANDUM OPINION ON MOTION TO DISMISS

SAMUEL J. STEINER, Chief Judge.

### FACTS

The plaintiffs have filed a dischargeability complaint against the defendants/debtors under § 523(a) of the Bankruptcy Code and have named as defendants John Boylan and Jane Doe Boylan who are non-debtors. The Boylans have moved to dismiss for lack of subject matter jurisdiction.

In counsel's memorandum in opposition to the motion, plaintiffs allege that John Boylan, representing himself as a financial expert and investment advisor, induced plaintiff Margaret Wilcox to lend close to $100,000 to five different borrowers, all of whom are in default on the loans made to them. Among the borrowers were the debtors, who received $20,000. It is further alleged that John Boylan has failed to produce financial information about the loans, claiming that his records were stolen from his car. The plaintiffs' theory is that the debtors, in collusion with or through John Boylan as their agent, obtained the funds using false representations, false pretenses, and false financial information.

In answer to the complaint, John Boylan denies participating in a fraud, claiming instead that he believed information which the debtors gave him. In addition, Boylan denies occupying a fiduciary capacity on behalf of the debtor or the plaintiffs. Finally, the Boylans want the case transferred to state court. They have not actually asserted lack of subject matter jurisdiction, but that is the issue before the Court, and the issue which the plaintiffs have addressed in their response.

### DISCUSSION

■ 1. *Is the plaintiffs' suit against the Boylans within the subject matter jurisdiction of the Court under 28 U.S.C. § 1334?* Under § 1334(b), the District Court has jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The plaintiffs argue that their claim against the Boylans is a related case. If this were the situation, the Bankruptcy Court could hear the matter but could not enter a final judgment under 28 U.S.C. 157.

■ The test for whether a civil proceeding is "related to" bankruptcy for purposes of determining jurisdiction under 28 U.S.C. § 1334(b) is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988), quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984); accord, *In re American Hardwoods, Inc.,* 885 F.2d 621 (9th Cir. 1989).

In *Matter of Eggers,* 19 B.R. 225 (1982), a case arising prior to *Fietz* and *Pacor,* the Bankruptcy Court for the District of Oregon dismissed nondebtor defendants in an action premised on § 523. The Court concluded that the "involvement of multiple defendants in a common set of facts which results in a federal cause against one defendant and nonfederal causes against the other defendants is sufficient to satisfy the … requirements … governing joinder of persons, but, by itself, does not supply federal subject matter jurisdiction over the controversy involving the other defendants." 19 B.R. at 224.

■ It should be noted that the cases cited by plaintiffs, in which the courts have exercised jurisdiction over nondebtor parties, have for the most part involved issues which had some financial impact on the estate. They do not provide support for extending jurisdiction over an issue which has no bearing on property of the estate or distribution to creditors. Nor is the Boylans' presence as parties in any way necessary for a determination of the dischargeability of the plaintiffs' claims against the debtor. While it may be more efficient for plaintiffs to establish Boylan's liability in the same action, "Judicial economy, although desirable, does not alone justify extension of federal subject matter jurisdiction to both nonfederal causes and to new parties." *Id.*

**148**

2. *Does the Court have supplemental jurisdiction pursuant to 28 U.S.C. § 1367?*

 28 U.S.C. 1367, enacted in 1990, codifies the district courts' ancillary and pendent jurisdiction. As noted by the plaintiffs, a number of courts have concluded that these doctrines provide an additional source of jurisdiction for bankruptcy courts. *See, e.g. In re Eads,* 135 B.R. 387 (Bankr.E.D.Cal.1991). As far as this Court has been able to determine, no circuit court has ruled on the issue. While it may be that the district courts' bankruptcy jurisdiction may be augmented by § 1367, this Court does not believe that the statute can be used to expand the limited jurisdiction of bankruptcy courts without running afoul of the Constitution. In *In re Alpha Steel Co., Inc.,* 142 B.R. 465 (M.D.Ala. 1992), the Court tentatively concluded that § 1367 does not apply to bankruptcy courts, stating:

> ... [T]here are ... strong ... arguments ... to support the position that the "relate to" and "arising in" jurisdictional components of § 1334(b) already allow bankruptcy courts to hear, to the extent Congress intended, all supplementary claims that have a logical relationship to an underlying bankruptcy proceeding. First, the exercise of ancillary and pendent jurisdiction by bankruptcy courts could subsume the more restrictive "relate to" and "arising in" jurisdiction, such that the latter would be rendered substantially, if not entirely, superfluous. Second, to the extent that ancillary and pendent jurisdiction could be viewed as supplementing rather than supplanting "related to" and "arising in" jurisdiction, a bankruptcy court exercising the former could hear claims which, in effect, merely relate to claims which themselves have only a relate-to connection with the primary case. Finally, the recent Congressional amendments codifying and merging the doctrines of ancillary and pendent jurisdiction expressly apply only to district courts.

*Id.* at 471.

Accordingly, the Court concludes that 28 U.S.C. § 1367 does not give it subject matter jurisdiction over the Boylans.

*CONCLUSION*

For the reasons indicated, the Boylans' motion to dismiss should be granted.