In re VIDEOCART, INC., Debtor.

CENITH PARTNERS, L.P., by Stephen G. RABINOVITZ, Plaintiff,

v.

HAMBRECHT & QUIST, INC., George G. Montgomery, John Malec, and Ronald E. Spears, Defendants.

Bankruptcy No. 93–25767.
Adv. No. 94–1051.

United States Bankruptcy Court,
D. Massachusetts.

April 11, 1994.

Max D. Stern, Stern, Shapiro, Weissberg & Garin, Boston, MA (M. Ellen Carpenter, Law firm of Kern, Hagerty, Roach & Carpenter, of counsel), for plaintiff Cenith Partners, L.P.

Mitchell S. Ross, Law firm of Kaye, Fialkow, Richmond & Rothstein, Boston, MA, and Michael F. Perlis, Stroock & Stroock & Lavan, Los Angeles, CA, for defendants Hambrecht & Quist, Inc. and George G. Montgomery.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

## I. PROCEDURAL BACKGROUND

The matter before the Court for determination is the Motion of the plaintiff, Cenith Partners, L.P. ("Cenith" or the "plaintiff") to remand the above-referenced civil action (the "action") which was removed by the defendants, Hambrecht & Quist, Inc. ("H & Q") and George Montgomery ("Montgomery") (collectively the "defendants") to this Court from the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Suffolk County Division (the "state court"). The action was commenced in the state court on December 23, 1993. On January 21, 1994, before answering the complaint, the defendants filed a notice of removal of the action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1452(a) and 1334 and Fed. R.Bankr.P. 9027. The action was referred to this Court pursuant to 28 U.S.C. § 157(a) and the order of reference. The plaintiff now seeks to remand the action to the state court. The defendants oppose the motion. The Court conducted a hearing on March 23, 1994, and the parties presented arguments based upon undisputed facts. Both parties have submitted memoranda.

## II. BACKGROUND

The action arises out of the alleged fraudulent sale of worthless securities (certain convertible notes in the amount of $250,000) of VideOcart, Inc. ("VideOcart" or the "Debtor"). VideOcart filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Illinois on December 8, 1993. H & Q, an investment banker, was the underwriter for the sale of the securities offered by the Debtor. Montgomery was H & Q's managing director. The other defendants named in the action, John Malec and Ronald Spears were officers of the Debtor. VideOcart, however, is not a defendant in the action.

In its state court complaint, Cenith seeks rescission of the purchase and monetary damages. In its five count complaint, it also alleges violations of section 12 of the Securities Act of 1933, 15 U.S.C.A. §§ 77a–77bbb (West 1981 & Supp.1994), section 410(a)(2) of the Massachusetts Uniform Securities Act, Mass.Gen.Laws Ann. ch. 110A, §§ 101–417 (West 1990 & Supp.1994), as well as unfair and deceptive trade practices, see Mass.Gen. Laws Ann. ch. 93A, §§ 2, 11 (West 1984 & Supp.1994), deceit, and negligent misrepresentation by the defendants in the sale of the Debtor's securities.

In VideOcart's bankruptcy petition, Cenith is listed as one of the Debtor's twenty largest unsecured creditors with a claim in the sum of $250,000. The Debtor did not list the liability as disputed, unliquidated, or contingent. Cenith filed a proof of claim in the Chapter 11 case, which it later withdrew. However, Cenith has represented that it does not waive any distribution that might be forthcoming from the VideOcart estate.

The parties did not provide any further information about the status of the VideOcart case.

## III. THE POSITIONS OF THE PARTIES

Cenith argues that remand of this action to the state court is required because this Court lacks jurisdiction over the subject matter of the dispute pursuant to 28 U.S.C. § 1334 [1] as this action is not "related to" the VideOcart bankruptcy case. Cenith also asserts that removal of the action is expressly barred by 15 U.S.C. § 77v(a) [2], which prohibits removal of state court actions under the Securities Act of 1933 to federal court. Finally, Cenith argues that even if remand were not mandatory for the first two reasons, equitable grounds support remand under 28 U.S.C. § 1452(b) [3].

The defendants argue that removal was proper and that remand of the action is not warranted on legal or equitable grounds. They maintain that the bankruptcy court has jurisdiction over the action because it is related to the VideOcart bankruptcy case as Cenith is a creditor of the Debtor and the defendants will have indemnification claims and/or contribution claims against VideOcart if Cenith prevails in the action. The defendants state that removal is not barred by 15 U.S.C. § 77v(a) because only one count of the complaint arises under the Securities Act of 1933. The defendants also argue that equitable considerations militate against remand

---

**1.** Section 1334 provides the following:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to a case under title 11.
28 U.S.C. § 1334(a)–(b).

**2.** Section 77v(a) provides in relevant part: "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."
15 U.S.C. § 77v(a) (West 1981 & Supp.1994).

**3.** Section 1452 provides the following:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground....
28 U.S.C. § 1452.

because there are three other actions arising out of the sale of VideOcart securities pending in other federal courts, and, therefore, the interests of judicial economy are better served by application of the multi-district litigation rules of federal procedure.

## IV. ISSUES

Was removal of the state court action proper under 28 U.S.C. § 1452(a)?

Do equitable grounds exist for remand pursuant to 28 U.S.C. § 1452(b)?

## V. DISCUSSION

■ Removal and remand of claims related to bankruptcy cases are governed by 28 U.S.C. § 1452. Jurisdiction of bankruptcy cases is governed by 28 U.S.C. § 1334. Procedures with respect to the referral of bankruptcy cases from the district court to the bankruptcy court are contained in 28 U.S.C. § 157 which provides in pertinent part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11....

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, a bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party timely and specifically objected.

28 U.S.C. § 157(a)–(c). In the absence of consent by all parties to the entry of a final order by the bankruptcy judge in a non-core, related proceeding, the bankruptcy judge may only recommend findings of fact and conclusions of law to the United States District Court for *de novo* review. *Id.*

§ 157(c)(1). Notably, Cenith does not consent to the entry of final orders by this Court. *See* Plaintiffs' Statement Pursuant to Bankruptcy Rule 9027(e)(3).

■ The parties agree that the removed action is a non-core proceeding. They disagree as to whether it is a related proceeding. Related proceedings include suits between non-debtor, third parties which affect the administration of the bankruptcy estate. In determining whether a non-core matter is sufficiently related to a bankruptcy case so as to confer jurisdiction on the bankruptcy court, courts' inquiries focus on whether "the outcome ... could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984); *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987).

The court in *DaSilva v. American Savings,* 145 B.R. 9 (S.D.Tex.1992), which found that removal of a state court action was improper where the litigation involved claims of third-party home buyers against banks that had financed the debtor/builder, stated the following: "[n]either common issues, related parties, parallel claims nor bankruptcy law applications make a case related to a bankruptcy for the purpose of removal jurisdiction." 145 B.R. at 12. In *DaSilva,* the court determined that the potential of a claim for contribution by the defendants against the debtor did not have a sufficient effect on the administration of the case to make the action related to the bankruptcy case. 145 B.R. at 12. *See also Foley Co. v. Aetna Casualty & Surety Co. (In re S & M Constructors, Inc.),* 144 B.R. 855, 861–62 (Bankr. W.D.Mo.1992).

In the recent decision of *In re Houghton,* 164 B.R. 146, 25 B.C.D. 402 (Bankr. W.D.Wash.1994), the bankruptcy court ruled that its jurisdiction under 28 U.S.C. § 1334(b) did not extend to a claim by third-party investors against non-debtor investment advisors who were alleged to have fraudulently induced the investors to make loans to the debtor. Finding that the dispute had no financial impact on the debtor's estate, the court ruled that the proceeding was not "related to" the bankruptcy case, even though there was a nondischargeability com-

plaint pending against the debtor arising out of the same facts.

Guided by the above decisions, the Court finds that the defendants have failed to establish based upon the undisputed facts that the action that they have removed to this Court has a sufficient nexus to or effect on the VideOcart bankruptcy estate to confer "related to" jurisdiction on this Court. The appearance of the plaintiff as a creditor in the Debtor's schedules is irrelevant. The present action is by a non-debtor against non-debtors. A recovery by the plaintiff against the defendants will not directly affect the Debtor's bankruptcy estate. The defendants might have contribution claims against the Debtor in the future if the plaintiff is successful. However, this is only a precursor to the potential contribution claim, *see Pacor* 743 F.2d at 995; *DaSilva,* 145 B.R. at 12, and is too tenuous and speculative an event at this point in time to confer "related to" jurisdiction. Accordingly, since this Court does not have jurisdiction over the action, its removal under 28 U.S.C. § 1452(a) was improper.[4]

■■■ Assuming *arguendo* that removal was proper, there are a number of compelling equitable grounds that support remand under section 1452(b). Among the factors courts consider in making a decision to exercise jurisdiction to remand a removed action are the following: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court. *See, e.g., Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.), *reh'g denied, en banc,* 747 F.2d 1465 (5th Cir.1984); *Fedders North Amer., Inc. v. Branded Products, Inc. (In re Branded Products, Inc.),* 154 B.R. 936, 937 (Bankr. W.D.Tex.1993); *In re AK Services, Inc.,* 159 B.R. 76 (Bankr.D.Mass.1993).

Applying these criteria to the facts of the present case, the Court finds that remand is warranted. The Court rejects the defendants' arguments that the pendency of other claims in the federal system justifies retention of the action and that the plaintiff's status as a creditor makes an action between non-debtors related to the bankruptcy case. There is no connection between the VideOcart case and the present action, other than that the Debtor's securities are the subject of the alleged misrepresentations and violations of state and federal securities laws. Any connections that exist between the present action and the VideOcart bankruptcy are tenuous and remote.

Moreover, the action raises no bankruptcy issues, just factual and legal issues related to securities fraud, state consumer protection law and common law. Four of the five counts are brought under Massachusetts law. The Mass.Gen.Laws ch. 93A count, in particular, involves interpretation of Massachusetts law. Comity and respect for the plaintiff's choice of forum outweigh any arguments advanced by the defendants.

Finally, the plaintiff has requested a jury trial. This means that the removed action would have to be transferred to the district court for disposition, *see Braunstein v. Dickinson (In re Chestnut Hill Mortgage Corp.),* 156 B.R. 111 (Bankr.D.Mass.1993), which ironically is the exact result that the defendants could not obtain by virtue of the removal prohibition of § 77v(a).

## VI. CONCLUSION

Based upon these findings, the Court finds that the removal was improper and the remand is appropriate. The Plaintiff's Motion to Remand is granted. A separate order shall issue.

---

4. This ruling makes it unnecessary to consider Cenith's contention that the removal prohibition of 15 U.S.C. § 77v(a) bars removal of the action to this Court or the defendants' rebuttal arguments that 28 U.S.C. § 1452(a) overrides the prohibition against removal contained in § 77v(a).