In re Sharlene Freda STREET, Debtor.

Arnold Ukasick, Plaintiff,

v.

Sharlene Freda Street, Defendant.

Sharlene Freda Street, Third–
Party Plaintiff,

v.

Law Offices of Paul Lenkowsky
& Ezzell, Paul Lenkowsky,
Third–Party Defendants.

Bankruptcy No. 01–01211–BHC–RJH.

Adversary No. 01–00051.

United States Bankruptcy Court,
D. Arizona.

Sept. 25, 2002.

Eric Post, Law Offices of Keith S Knochel, Bullhead City, AZ, for debtor.

Robert Grasso, Jr., Grasso Chilton PC, Tempe, AZ, for Paul Lenkowsky.

Michael C. Anderson, Bullhead City, AZ, for Arnold Ukasick.

William E. Pierce, Chino Valley, AZ, Chapter 7 Trustee.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

Defendants, Paul Lenkowsky and the Law Offices of Lenkowsky and Ezzell ("Lenkowsky"), move to dismiss Sharlene Street's ("Street") malpractice claim against them for lack of subject matter jurisdiction. Lenkowsky also seeks dismissal of the malpractice claim of Street's

former husband, Plaintiff Arnold Ukasick ("Ukasick"), also for lack of subject matter jurisdiction.

For the reasons stated below, the Court concludes that although Street's claim may be sufficiently ripe for jurisdictional purposes, it is not a proper third-party complaint under Rule 14 of the Federal Rules of Civil Procedure because it is not dependent upon the outcome of Ukasick's dischargeability complaint, and the third-party's liability is not secondary or derivative. Furthermore, the Court does not have subject matter jurisdiction over Ukasick's cross-claim against Lenkowsky because it is not a proper cross-claim, once Street's claim is determined to be an improper third-party claim.

### Background Facts

After divorcing, Street and Ukasick reconciled and purchased a home together. They later separated and Street hired Lenkowsky to prepare settlement papers. As part of the settlement, Ukasick was to receive a promissory note for $20,000, secured by a perfected security interest in the home by recorded deed of trust. The settlement was concluded and Ukasick received his note, but Lenkowsky allegedly failed to properly prepare and record the deed of trust. Ukasick was never notified that his interest was not secured as expected, and Street later refinanced the home taking away the remaining equity.

Street filed a Chapter 7 bankruptcy and listed the debt she owed Ukasick in her Schedule D list of secured creditors. Upon learning that his claim was unperfected, Ukasick filed an adversary proceeding against Street to prevent the discharge of his debt. Ukasick claimed that Street's debt should not be discharged because of her alleged fraudulent conduct in failing to secure his debt as agreed and then refinancing the home after realizing Ukasick's interest was unsecured.

Street responded by filing a third-party complaint against Lenkowsky asserting breach of contract and negligence, claiming she was entitled to indemnification based on the attorney's failure to properly prepare and record the deed of trust. After Street filed her third-party complaint against Lenkowsky, the Court granted Ukasick leave to amend his adversary complaint to assert a cross-claim for malpractice against Lenkowsky.

### Parties' Arguments

Lenkowsky makes four arguments: First, that Street's claim is not a permissible claim for indemnification because Street does not lack culpability. Second, that the Street's claim is not ripe because her damages are speculative and contingent upon the outcome of Ukasick's adversary proceeding. Third, that the Court should dismiss Ukasick's cross-claim because he has not established the Court's subject matter jurisdiction over his claim independent of Street's claim. Finally, that even if the Court has subject matter jurisdiction over Ukasick's malpractice claim, it should exercise its discretion to abstain from hearing it.

Street responds that her claim for indemnification is proper because she is without fault in the matter and was unaware of Lenkowsky's failure to properly prepare and record the deed of trust. Street also argues that even if the claim is for malpractice and not indemnification, the claim is ripe because the legal fees she has incurred in defending against Ukasick's adversary complaint are ascertainable damages that are not speculative or contingent, and would not have been necessary but for Lenkowsky's failure to properly prepare and record the deed of trust.

Ukasick responds that his claim should not be dismissed because the principles of

pendent jurisdiction apply. Ukasick argues that all of the facts and circumstances surrounding these events and the role of the attorney will come into evidence on his discharge complaint, and it would be burdensome to the parties for the Bankruptcy Court to rule on some matters and leave others to be decided by another court. He also argues that the Court could not fully decide all issues regarding Street's culpability without also deciding Lenkowsky's liability.

## Legal Analysis

This case raises three issues: (1) whether a malpractice action is ripe when the only damage suffered is the legal fees incurred in litigation that is not yet concluded; (2) whether a defendant's claim for indemnification for legal fees incurred because of an attorney's malpractice is a proper third-party complaint to a discharge complaint; and (3) whether the Court has subject matter jurisdiction to hear a non-debtor's cross-claim for legal malpractice.

## The Malpractice Claim Is Sufficiently Ripe

■ Lenkowsky argues that Street's malpractice claim is not ripe because her damages are speculative and contingent upon the outcome of Ukasick's adversary proceeding, because she may prevail and suffer no damages from Lenkowsky's malpractice. Without damages, there is no claim for malpractice. Because an unripe claim does not present an actual "case or controversy" within the meaning of Article III of the U.S. Constitution, federal courts lack subject matter jurisdiction to hear such claims.

■ "A cause of action for legal malpractice accrues when the client both: (1) has sustained appreciable, non-speculative harm or damage as a result of such malpractice and (2) knows, or in the exercise of reasonable diligence should know, that the harm or damage was a direct result of the attorney's negligence." *Commercial Union Ins. Co. v. Lewis and Roca,* 183 Ariz. 250, 902 P.2d 1354, 1356–57 (Ct.App. 1995). In *Commercial Union,* the court clarified prior Arizona case law on the question of when litigation must be concluded before a claim for malpractice accrues. In *Amfac,* the attorney's negligence occurred when he failed to name the proper party in litigation. *Amfac Distrib. Corp. v. Miller,* 138 Ariz. 155, 673 P.2d 795, 796 (1983) The court there held that the malpractice action did not accrue until the litigation was completed, because the client might nevertheless prevail in the litigation and ultimately suffer no damages. In *Tullar,* the malpractice occurred when the Tullars hired an attorney to review their sales documents and assist with their closing, and the attorney failed to ensure that a note for the purchase was secured. *Tullar v. Walter L. Henderson, P.C.,* 168 Ariz. 577, 816 P.2d 234, 235 (Ct. App.1991). Although the *Tullar* malpractice did not occur in litigation as in *Amfac,* the cause of action was held not to have accrued in *Tullar* upon the failure to obtain the security, or even upon default, but only when the note became uncollectible, because only then was the client's loss certain. *Tullar,* 816 P.2d at 236.

In *Commercial Union,* however, the court held that a malpractice action for negligent, pre-litigation advice could accrue prior to the completion of litigation arising out of that advice. That court concluded that the action accrued when the client lost summary judgment, because that made evident that the advice had been negligent, even though the litigation was not yet concluded.

Thus these cases do not hold that all litigation must be concluded before a malpractice action can accrue, especially a

malpractice action arising out of negligence occurring outside of the litigation context. Rather, they require that some damage have accrued as a result of the negligence, and that such damage be certain and essentially irrevocable.

The malpractice Street complains of occurred outside of a litigation context, like that in *Tullar*. The principal damage she complains of is that the debt to her former husband may now be nondischargeable, but in addition she complains that she would not have to incur attorneys' fees defending against the dischargeability action if the attorney had not been negligent in failing to secure the debt as agreed. Are either of these damages sufficiently certain and irrevocable for the malpractice action to have accrued under *Commercial Union*?

Certainly the principal damage of the debt being declared nondischargeable has not yet occurred, and may never occur, because she could win the discharge action. Under *Amfac*, a malpractice action for that damage has not yet accrued.

But the attorney's fees she has incurred, and is incurring, in defending the dischargeability litigation are certain. That loss is not irrevocable, because if she prevails and also obtains a determination that her ex-husbands action was "not substantially justified," then she could obtain a judgment to recover her attorney's fees pursuant to 11 U.S.C. § 523(d). Yet such out of pocket costs that are only potentially recoverable seem closer to the kind of damages at issue in *Commercial Union* than the potential damages in *Tullar* before the unsecured note was determined to be uncollectible. After all, Street is in bankruptcy, and any out of pocket costs she must bear now to obtain all the benefits of the "fresh start" are very real, tangible and immediate costs to her, regardless of the possibility they may be ultimately recovered.

Moreover, all of these Arizona cases arose in the context of a law firm defending against a malpractice claim on statute of limitations grounds. In such contexts, the client's ability to recover is enhanced by a finding that the action did not accrue at an earlier point in time. It is not at all clear that Arizona courts would apply the same analysis when the former client is suffering current out of pocket costs because of an attorney's malpractice, and the attorney's defense is that the client must suffer even more loss before the claim can be asserted against the attorney.

For case or controversy purposes, the Court concludes that Street's claim is sufficiently ripe for the Court to exercise jurisdiction. Regardless of whether the claim is a proper third-party complaint for indemnification, bankruptcy jurisdiction exists over her claim because 28 U.S.C. § 1334(b) confers such jurisdiction over debtor's claims against third-parties that arise in or are related to a bankruptcy case. Because such an action is not a "core proceeding," absent the parties' consent the bankruptcy court will be limited to submitting proposed findings of fact and conclusions of law to the District Court pursuant to 28 U.S.C. § 157(c)(1), but this statute further supports the conclusion that jurisdiction exists. Consequently Lenkowsky's motion to dismiss Street's complaint for lack of jurisdiction must be denied.

**The Malpractice Claim is Not a Proper Third–Party Claim**

 Notwithstanding the conclusion that jurisdiction exists over Street's malpractice claim against Lenkowsky, it still must be determined whether it is a procedurally proper third-party complaint rather than a self-standing suit. As will be seen, this is a necessary threshold deter-

mination to the issue of whether Ukasick can assert a cross-claim against Lenkowsky.

▮ Rule 14(a) provides that "a defending party, as a third-party plaintiff, may cause summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a).[1] In the interest of judicial economy and the avoidance of conflicting rulings from different courts, Rule 14 provides a "mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1442, at 291 (2d ed.1990).

▮ "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim." *United States v. One 1977 Mercedes Benz, 450 SEL*, 708 F.2d 444, 452 (9th Cir.1983). The court has discretion to decide whether a third-party defendant should be impleaded under Rule 14. *Id.* at 452. However, the court's discretion "should be exercised only when the claim is within the scope of impleader established by Rule 14(a)." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1443, at 303 (2d ed.1990).

▮ As the language of the rule makes clear, however, this imposes three requirements for a proper third-party complaint. First, the third-party defendant's "liability must be derivative and must flow to the third-party plaintiff; mere liability by the third-party defendant to the plaintiff (as opposed to the third-party plaintiff) will not suffice." *Hawkins v. Eads (In re Eads)*, 135 B.R. 387, 395 (Bankr.E.D.Cal. 1991). Second, that liability "must be for losses that the third-party plaintiff suffers in the capacity of defendant on the plaintiff's claim." *Id.* Finally, any claims that are not derivative cannot be advanced under Rule 14 even though they arise out of the same transaction or occurrence. Thus "the transaction-based analysis that emphasized the existence of a common nucleus of operative facts is central to pendent jurisdiction and to compulsory counterclaims and cross-claims but takes a back seat to derivative liability when it comes to impleader and ancillary jurisdiction." *Id.* But if the derivative liability is shown, it does not matter that the theory is negligence rather than indemnity or contribution. *Id.*

Street claims she is entitled to indemnification from Lenkowsky for the attorney's fees she is incurring in defending against Ukasick's adversary complaint. Had Lenkowsky properly prepared and recorded the deed of trust, there would have been no basis for the dischargeability complaint and Street would not have incurred these legal fees. However, for Street to be entitled to indemnification, she must show that Lenkowsky's liability is in some way dependent upon the outcome of Ukasick's adversary claim, and that Lenkowsky's liability is secondary or derivative. As has already been noted, she will incur these fees regardless of whether she wins or loses.

---

1. Federal Rule 14 is made applicable in adversary proceedings by Bankruptcy Rule 7014.

There is case law holding that a defendant's claim for attorney's fees incurred in defending against plaintiff's action is not a proper claim for indemnification, because such fees are not dependent upon the outcome of that litigation. In *Santana*, the defendant claimed to have been damaged by the third-party defendant's fraudulent/negligent misrepresentation by "being subject to a lawsuit and having to expend substantial sums in defending itself." *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 69 F.Supp.2d 678, 690 (M.D.Pa.1999). The court held that the defendant's claim failed to meet the requirements of Rule 14(a). *Id.* First, the defendant's claim did not depend on the outcome of the underlying action; rather, the claims existed regardless of the ultimate success or failure of the plaintiff's action. *Id.* Second, the defendant's claims were not based on secondary or derivative liability. *Id.* "A third-party complaint must set forth a claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to him/her under a theory of indemnification, contribution or some other theory of derivative liability. Any third-party complaint which does not facially meet this test is not proper under Rule 14." *Id.*, (citations omitted).

Like the claim in *Santana*, Street's claim for indemnification of legal fees is not dependant on the outcome of Ukasick's adversary complaint, so it is not a proper indemnification claim.

Nor is Street's claim based on secondary or derivative liability. If she is found liable on the ex-husband's dischargeability action, it will have to be because she intentionally defrauded him. Denial of discharge pursuant to 11 U.S.C. § 523(a)(2) requires a showing of essentially all the common law elements of fraud. *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). If her ex-husband successfully makes that showing, he will have demonstrated sufficient culpability by her to preclude her obtaining indemnification from Lenkowsky.

Consequently while Street may have a viable malpractice claim against Lenkowsky over which this Court may exercise jurisdiction, it is not a proper third-party complaint pursuant to Rule 14.

**Ukasick May Not Assert a Cross–Claim**

■ Rule 13(g) permits cross claims only against existing parties. If Lenkowsky is a proper third-party defendant, then Ukasick could assert a cross claim against Lenkowsky pursuant to Rule 13(g). There is significant debate whether a bankruptcy court would have jurisdiction to hear such a cross claim. If "related to" jurisdiction is limited to actions that affect the bankruptcy estate, as the Third Circuit held in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984), and the Ninth Circuit adopted in *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988), then Ukasick's claims would not seem to be sufficiently "related to" the bankruptcy case for bankruptcy jurisdiction to exist. Indeed, since Ukasick and Street were divorced prior this case being filed, any recovery Ukasick might obtain is even more remote to the bankruptcy estate the potential recovery in the debtor's wife's cross-claim in *Fietz*, which the Ninth Circuit held was not within the scope of "related to" jurisdiction.

Of course since *Fietz* was decided Congress enacted 28 U.S.C. § 1367(a), codifying the principles of ancillary and pendent jurisdiction, now called "supplemental jurisdiction." The Ninth Circuit has noted that at least District Courts can exercise such jurisdiction when the original jurisdiction is bankruptcy jurisdiction, *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 n. 5 (9th Cir.1997), while the

Fifth Circuit held that bankruptcy courts could not exercise such jurisdiction. *In re Walker,* 51 F.3d 562 (5th Cir.1995). Within the Ninth Circuit, bankruptcy courts are split on whether they make exercise such supplemental jurisdiction. *E.g., Wilcox v. Houghton (In re Houghton),* 164 B.R. 146 (Bankr.W.D.Wash.1994) (bankruptcy courts may not constitutionally exercise § 1367 jurisdiction); *Hawkins v. Eads (In re Eads),* 135 B.R. 387 (Bankr.E.D.Cal. 1991) (bankruptcy courts have discretion to exercise § 1367 jurisdiction). The Ninth Circuit Bankruptcy Appellate Panel has concluded that such jurisdiction may be exercised by bankruptcy courts, adopting the analysis of *Eads. Davis v. Couringt"on (In re Davis),* 177 B.R. 907 (9th Cir. BAP 1995). And while one bankruptcy scholar argues that adding supplemental jurisdiction to "related to" jurisdiction would be so attenuated as to provide no effective limit on bankruptcy jurisdiction, another scholar responds cogently that original "related to" jurisdiction was intended by itself to include such cross claims that had historically been included raider ancillary or pendent jurisdiction, and therefore should never have been restricted to matters that affect the bankruptcy estate. *Compare* Susan Block–Lieb, *The Case Against Supplemental Bankruptcy Jurisdiction: A Constitutional, Statutory and Policy Analysis,* 62 Fordham L.Rev. 721 (1994), *with* Ralph Brubaker, *On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory,* 41 William and Mary L.Rev 743, 859–68 (2000).

But we need not reach these issues at this time. Because Street has only an independent claim against Lenkowsky and not a proper third-party claim, Ukasick cannot assert a cross-claim against Lenkowsky. Ukasick is not a proper party to Street's independent claim against Lenkowsky, and therefore is not a co-party to any litigation with Lenkowsky over which this Court has original jurisdiction. While it would serve the interests of judicial economy to resolve all the claims that arise out of the common nucleus of operative fact, especially since all the parties will be before the Court anyway, that is not the analysis to be applied under Rules 13 and 14.

Judicial economy is, however, a factor to be considered under Rules 20(a) and 24(b). Nothing in this opinion addresses whether Ukasick could permissively join as a plaintiff in Street's action under those rules should such a motion be brought.

### Conclusion

Although Street's claim is sufficiently ripe to support this Court's subject matter jurisdiction, it is not a proper third-party complaint under Rule 14 of the Federal Rules of Civil Procedure. Because it is not a proper third-party complaint, Ukasisk cannot assert a cross-claim against Lenkowsky.

Lenkowsky's motion to dismiss Street's complaint for lack of jurisdiction is denied, but Street's third-party complaint will be treated as a separate adversary proceeding under its own adversary number, with Street as plaintiff and Lenkowsky as defendant.

Lenkowsky's motion to dismiss Ukasick's cross-claim for lack of jurisdiction is granted, without prejudice to any motion Ukasick may file under Rule 20(a) or 24(b).