873 F.2d 1302
 KAONOHI OHANA, LTD., Plaintiff-Appellant,
v.
Nancy E. SUTHERLAND, Defendant-Appellee.
In re KAONOHI OHANA, LTD., Debtor.
Nancy E. SUTHERLAND; Donald Sutherland; Stephen Newnham,
Trustees of the Ralph L. Evans Trust, Plaintiffs-Appellants,
v.
KAONOHI OHANA, LTD., Debtor-Appellee.
In re KAONOHI OHANA, LTD., Debtor.
Nancy E. SUTHERLAND; Donald Sutherland; Stephen Newnhan,
Trustees of the Ralph L. Evans Trust, Plaintiffs-Appellants,
v.
KAONOHI OHANA, LTD., Sylvester Stallone, Defendants-Appellees.
 Nos. 87-2742, 87-1892 and 87-2680.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 14, 1988.
Decided May 5, 1989.
 
 James T. Paul and Elizabeth Kent, Honolulu, Hawaii, for Kaonohi ohana, ltd.
 Alexander C. Marrack, Honolulu, Hawaii, for Nancy Sutherland, Donald Sutherland and Stephen Newnham, Trustees of the Ralph L. Evans Trust.
 David J. Dezzani and Ronald K.K. Sakimura, Honolulu, Hawaii, for Sylvester Stallone.
 Appeal from the United States District Court for the District of Hawaii.
 Before BROWNING, HUG and TROTT, Circuit Judges.
 JAMES R. BROWNING, Circuit Judge:
 
 
 1
 These consolidated appeals arise out of a complex web of litigation pitting Nancy Sutherland and assignees against Sylvester Stallone and Kaonohi Ohana, Ltd., a creditor's corporation that sold the same parcel of Hawaiian beach front property first to Sutherland, then to Stallone.
 
 I.
 
 2
 After agreeing to sell 5.5 acres of shoreline property on the island of Kauai to Sutherland, Kaonohi accepted a higher offer from Stallone on the theory that the prior agreement with Sutherland was not binding because not approved by three quarters of Kaonohi's stockholders, as Kaonohi believed to be required by Haw.Rev.Stat. Sec. 416-33. Sutherland brought a breach of contract action against Kaonohi in the court below, alleging diversity. The same day Kaonohi filed suit in state court seeking a declaration that compliance with section 416-33 was required. This action was removed to federal district court and consolidated with Sutherland's breach of contract action. The declaration sought was granted and Sutherland appealed.[1] We held section 416-33 inapplicable to the Sutherland contract and reversed and remanded to the district court. Sutherland v. Kaonohi Ohana, Ltd., 776 F.2d 1425, 1427-28 (9th Cir.1985) (Kaonohi I ).
 
 
 3
 Sutherland moved for judgment on remand in Kaonohi's declaratory judgment action, and for summary judgment in Sutherland's breach of contract action. Kaonohi countered that in the declaratory judgment action we had held only that the contract was not voided by section 416-33, and that summary judgment could not be granted to Sutherland in the breach of contract action because none of the factual issues effecting the validity of the contract had been resolved. Kaonohi also moved for dismissal or summary judgment in the breach of contract action, arguing that Sutherland sought only specific performance, relief which was rendered impossible by Kaonohi's earlier transfer of title to Stallone.
 
 
 4
 One day before the hearing on Sutherland's motion for judgment on remand and for summary judgment, Kaonohi filed for bankruptcy under Chapter 11, automatically staying all proceedings on the consolidated cases. The stay was subsequently lifted "to allow determination by the District Court of whether a contract existed between [Kaonohi and Sutherland] and, if so, whether [Sutherland is] entitled to any damages for the breach of the contract."
 
 
 5
 Before the district court took any action, however, the bankruptcy court held the Sutherland contract was executory and permitted Kaonohi to reject it, allowing Kaonohi to refuse to perform under the contract but leaving Kaonohi liable for any damages caused by the breach. This decision was later affirmed by the district court, which concluded the contract was executory and that rejection would benefit the estate. Sutherland's appeal from this ruling is before us in In re Kaonohi Ohana, Ltd., C.A. No. 87-1892.
 
 
 6
 Meanwhile, the district court had denied Kaonohi's motion for dismissal or summary judgment in the breach of contract action, ruling that Sutherland sought compensatory damages in addition to specific performance. The court then declared that, "[i]n accordance with the Ninth Circuit's opinion," shareholder approval was not required "and thus, the original contract between Sutherland and Kaonohi Ohana was binding." Without addressing Kaonohi's factual defenses, the court also ordered judgment entered for Sutherland in her breach of contract action "on the issue of liability."
 
 
 7
 However, a final judgment was not in fact entered in either of the consolidated actions. Eight months later the district court ordered the two cases severed. The court referred "the civil damage claim for breach of ... contract" to the bankruptcy court for further proceedings.[2] The court ordered Kaonohi to show cause why final judgment should not be entered on the declaratory judgment action. In response, Kaonohi again raised factual defenses to the validity of the contract. The district court conceded that factual disputes existed, but found them to be outside the scope of the declaratory judgment action. The court denied Kaonohi leave to amend and ordered final judgment entered for Sutherland in the declaratory judgment action. Kaonohi appeals both the entry of final judgment in the declaratory judgment action and denial of leave to amend the declaratory judgment complaint in Kaonohi Ohana, Ltd. v. Sutherland, C.A. No. 87-2742.
 
 
 8
 Meanwhile, Sutherland had filed an adversarial proceeding in the Kaonohi bankruptcy, demanding specific performance by either Kaonohi or Stallone of the contract for purchase of the land. The district court dismissed Kaonohi on the ground Kaonohi was unable to provide the requested relief because title had passed to Stallone. The court later dismissed Sutherland's specific performance claim against Stallone for want of subject matter jurisdiction, holding that this claim was not sufficiently related to the bankruptcy proceedings to create jurisdiction under 28 U.S.C. Sec. 1334(b). Sutherland's appeal from this dismissal, and from the prior dismissal of Kaonohi as a defendant in the adversarial proceeding, is before us in In re Kaonohi Ohana, Ltd., C.A. No. 87-2680.
 
 II.
 
 9
 We consider first the issues raised in Kaonohi's appeal from the judgment entered on remand from this court in the action for declaratory relief.
 
 
 10
 The district court's judgment "declar[ed] that Sutherland and Kaonohi Ohana had a valid contract, which contract was breached by Kaonohi." Kaonohi insists the court was required to consider its factual defenses before declaring the contract binding. Kaonohi fears the judgment as entered will preclude it from obtaining a trial on these defenses, especially because the district court expressly noted "the possibility that collateral estoppel might bar any future attempts by [Kaonohi] to raise other issues regarding the validity of the contract."
 
 
 11
 We do not read the district court's judgment as broadly as does Kaonohi, and therefore affirm.
 
 
 12
 All Kaonohi sought in its original complaint was a declaration that the Sutherland contract either was or was not binding to the extent that Haw.Rev.Stat. Sec. 416-33 either did or did not void the contract. Kaonohi explains that it expected to litigate its factual defenses in Sutherland's breach of contract case if its legal defenses under section 416-33 were rejected in the declaratory judgment suit.
 
 
 13
 The only issue before us in Sutherland's appeal in the declaratory judgment action, and therefore the only issue we resolved, was whether section 416-33 invalidated the contract. We held it did not. See Kaonohi I, 776 F.2d at 1427-28. On remand, the district court entered judgment "[i]n accordance with the Ninth Circuit's opinion," declaring "it was not necessary for Kaonohi Ohana to obtain shareholder consent in selling the property at issue [as section 416-33 appeared to require], and thus, the original contract between Sutherland and Kaonohi Ohana was binding."[3]
 
 
 14
 Since the district court could not, and did not, do more than uphold the Sutherland contract against a challenge based on section 416-33, the district court could not determine the contract was binding or that it had been breached in respect to any factual defenses that might exist. Clearly, the court was not required to hold a hearing on Kaonohi's factual defenses before entering such a judgment, because these defenses were irrelevant to the wholly legal issue before the court, the validity of the contract under the statute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); KL Group v. Case, Kay & Lynch, 829 F.2d 909, 915 (9th Cir.1987). Kaonohi's fears of preclusion are therefore unjustified, for the district court could not foreclose future litigation in other actions over issues which the court conceded were not before it in this action and, consequently, had never been litigated. See Greater Los Angeles Council on Deafness, Inc. v. Baldrige, 827 F.2d 1353, 1360 (9th Cir.1987).
 
 
 15
 For the same reason the district court did not abuse its discretion in denying Kaonohi leave to amend the declaratory judgment complaint.[4] As the district court explained, Kaonohi's proposed amendments were irrelevant because they were "not within the scope of this lawsuit." Order Entering Judgment at 1-2; see Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (amendment should be denied as futile if it "could not affect the outcome of this lawsuit").
 
 III.
 
 16
 We dismiss as moot Sutherland's appeal from the ruling of the bankruptcy court, affirmed by the district court, that the Sutherland contract was executory and could be rejected by Kaonohi. See Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1949-50, 20 L.Ed.2d 947 (1968); In re Onouli-Kona Land Co., 846 F.2d 1170, 1171-72 (9th Cir.1988).
 
 
 17
 Sutherland neither sought nor obtained a stay pending appeal of the district court's original ruling that section 416-33 invalidated the Sutherland contract. Kaonohi completed the sale to Stallone prior to our decision reversing the district court. The bankruptcy court's ruling that the Sutherland contract was executory is therefore moot, since the only consequence of reversal would be to entitle Sutherland to specific performance by Kaonohi. As Sutherland concedes, such relief became impossible when Kaonohi transferred title to Stallone. Cf. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985) (bankruptcy appeal dismissed as moot when "changes in the status quo occurred after the district court rendered the orders" that "make it impossible for us to fashion a remedy").
 
 IV.
 
 18
 We reverse the dismissal for lack of subject matter jurisdiction of Sutherland's action in the Kaonohi bankruptcy proceeding seeking specific performance from Stallone.[5] Bankruptcy jurisdiction exists where, as here, the litigation may alter potential obligations arising out of claims pending against the estate.
 
 
 19
 "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," of the bankruptcy code. 28 U.S.C. Sec. 1334(b). To determine if Sutherland's claim against Stallone is "related" to Kaonohi's bankruptcy reorganization, we apply the Pacor formula:
 
 
 20
 The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon handling and administration of the bankrupt estate.
 
 
 21
 Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984) (citations omitted) (emphasis in original), adopted by this circuit in In re Fietz, 852 F.2d 455, 457 (9th Cir.1988).[6]
 
 
 22
 The district court erred when it rejected as a basis for jurisdiction the direct effect disposition of Sutherland's claim for specific performance would have upon the claim for damages against the estate arising out of Sutherland's breach of contract action.
 
 
 23
 Under Pacor, federal jurisdiction exists pursuant to section 1334(b) when resolution of nondebtor litigation may directly affect the estate's obligation to creditors whose claims are currently before the bankruptcy court. 743 F.2d at 994; see also In re Titan Energy, Inc., 837 F.2d 325, 329-30 (8th Cir.1988) (nondebtor claims against third-party insurance company related to the bankruptcy under Pacor because recovery would reduce liabilities of the estate).[7]
 
 
 24
 Sutherland's claim for damages for breach of her contract is pending before the bankruptcy court. Section 1334(b) jurisdiction over Sutherland's suit for specific performance against Stallone exists because the amount of damages, if any, due Sutherland from the estate for breach of contract will be effected by whether Sutherland obtains the property from Stallone.
 
 V.
 
 25
 In sum, we affirm the district court's judgment in Kaonohi Ohana, Ltd. v. Sutherland, C.A. No. 87-2742, holding the Sutherland contract binding under Haw.Rev.Stat. Sec. 416-33 and denying Kaonohi leave to amend. We dismiss as moot the appeal from In re Kaonohi Ohana, Ltd., C.A. No. 87-1892, affirming the bankruptcy court's determination that the Sutherland contract was executory and allowing rejection. Finally, we affirm dismissal of Kaonohi as defendant in the adversarial proceeding seeking specific performance, In Re Kaonohi Ohana, Ltd., C.A. No. 87-2680, but reverse the dismissal as to Stallone and remand for further proceedings consistent with this opinion.
 
 
 26
 Thus, there remain pending for trial in the bankruptcy court Sutherland's action for damages for breach of contract and Sutherland's action for specific performance against Stallone. These actions are interrelated and consolidation for trial would seem advisable. As we have noted, Kaonohi's factual defenses to Sutherland's breach of contract action have not been tried and are not foreclosed by either our prior opinion in Kaonohi I or the district court's judgment on remand.
 
 
 27
 AFFIRMED in part, DISMISSED in part, REVERSED in part and REMANDED. Each party to bear its own costs.
 
 
 
 [1]
 After the district court granted Kaonohi's motion for declaratory judgment, Kaonohi completed the sale to Stallone and transferred title to him
 
 
 [2]
 Proceedings on the claim for damages for breach of contract are pending below and form no part of this appeal. The bankruptcy court has continued proceedings on this claim pending resolution of these appeals
 
 
 [3]
 The district court underscored its intent to remain within the mandate of Kaonohi I when it explained:
 The Complaint for Declaratory Judgment is based entirely upon the relationship of this sale to H.R.S. Sec. 416-33. The relief prayed for was a declaration whether this particular statute applied....
 * * *
 Plaintiff here raises a number of issues which the Ninth Circuit did not decide [in Kaonohi I ]. For example, the Ninth Circuit did not determine whether Boyce Brown had authority to approve the sale, or whether the Board of Directors was authorized to sell the property. Furthermore, as Plaintiff points out, the Ninth Circuit stated that the only issue which was before it on appeal was whether the sale was subject to H.R.S. Sec. 416-33....
 There is a very good reason that these, and other issues, were not before the Ninth Circuit. They were not within the scope of the lawsuit.
 Order Entering Judgment at 1-2.
 
 
 [4]
 Kaonohi also suggests the district court should have allowed supplemental pleadings. But supplementation is only appropriate for "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). The issues Kaonohi seeks to raise via supplementation relate to events prior to the original filing
 
 
 [5]
 Sutherland's claim that the district court erred in dismissing Kaonohi as a defendant in the adversarial action is without merit. Specific performance of a rejected executory contract cannot be required. See In re Pacific Express, Inc., 780 F.2d 1482, 1486 n. 3 (9th Cir.1986)
 
 
 [6]
 As the holding and discussion in Pacor make clear, the bankruptcy court does not have unlimited jurisdiction over all third-party litigation potentially affecting the estate. See 743 F.2d at 994-96. Since the bankruptcy court clearly had jurisdiction over the third-party action in this case, we need not explore the outer limits of bankruptcy jurisdiction over third-party actions
 
 
 [7]
 Stallone attempts to distinguish Titan by noting the insurance policies in that case were part of the estate whereas the property at the heart of this litigation is not. The Titan court examined the impact of the litigation on the debtor's estate, however, not whether the policies were part of that estate. 837 F.2d at 330