**In re SANTA CLARA COUNTY CHILD CARE CONSORTIUM, Debtor.**

**WORK/FAMILY DIRECTIONS, INC., Plaintiff/Appellee,**

v.

**CHILDREN'S DISCOVERY CENTERS, INC., Defendant/Appellant.**

**BAP No. MB 97–079.**

United States Bankruptcy Appellate Panel for the First Circuit.

Aug. 4, 1998.

Andrea T. Porter, Nancy J. Geenen, David J. Richardson and Murphy, Weir & Butler, San Francisco, CA, for appellant.

J. Kenneth Felter, P.C., Steven E. Skwara, John G. Loughnane, Sheila K. Driscoll and Goodwin, Procter & Hoar, Boston, MA, for appellee.

Before VOTOLATO, Chief Judge, LAMOUTTE and CARLO, Bankruptcy Judges.

LAMOUTTE, Bankruptcy Judge.

This is an appeal of the bankruptcy court's decision remanding the adversary proceeding to the state court and denying the petition to transfer venue to the United States Bankruptcy Court for the District of California, where debtor's bankruptcy case is pending. Generally, a bankruptcy court's conclusions of law are reviewed *de novo, In re S.P.M. Mfg. Corp.*, 984 F.2d 1305 (1st Cir.1993), while findings of fact are reviewed for abuse of discretion. *In re G.S.F. Corp.*, 938 F.2d 1467 (1st Cir.1991). Mixed questions of law and fact are reviewed "along a degree-of-deference continuum, ranging from plenary review for law-dominated questions to clear-error review for fact-dominated questions." *Servicios Comerciales Andinos, S.A. v. General Electric Del Caribe, Inc.*, 145 F.3d 463 (1st Cir.1998) (citations omitted). The bankruptcy court's decision to remand the removed state court proceeding because it was not sufficiently related to the debtor's bankruptcy case, presents a mixed question of law and fact.

### Background

Debtor, Santa Clara County Child Care Consortium ("Santa Clara"), is a non-profit corporation organized under the laws of California. Children's Discovery Centers, Inc. (CDC) is a Delaware Corporation with its principal place of business in California, and is the successor in interest to Prodigy Consulting, Inc. and Prodigy Child Development Centers, Inc. ("Prodigy"). CDC is the operator and manager of two child care centers owned by Santa Clara. Work/Family Directions, Inc. ("Work/Family") is a Massachusetts corporation with its principal place of business in Boston, Massachusetts, and is the successor in interest to Work Family Directions Development Corporation (WFDD). WFDD financed the construction of the two child care centers constructed by Santa Clara and operated by CDC.

On April 29, 1993, Santa Clara and Prodigy entered into a Child Development Center Management Agreement, pursuant to which Santa Clara agreed to pay the cost of construction of two child care centers which Prodigy agreed to operate and manage. That agreement further provided that WFDD would finance the construction of the child care centers. WFDD lent $3,295,000 to Santa Clara pursuant to a Dependent Care Resources Development Agreement dated June 29, 1993, and evidenced by a promissory note executed by Santa Clara in favor of WFDD on June 17, 1993. Prodigy executed a guarantee of Santa Clara's debt to WFDD on June 17, 1993.

On May 19, 1997, prior to the filing of Santa Clara's bankruptcy petition, Work/Family commenced an action against CDC in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Suffolk County (Civil Action No. 97–2655). The complaint seeks a declaratory judgment that CDC is liable to Work/Family for $3,295,000.00 as guarantor

of Santa Clara's debt and damages for CDC's alleged breach of guaranty.

Santa Clara filed a petition for relief under chapter 7 of the Bankruptcy Code on May 30, 1997 in the United States Bankruptcy Court for the Northern District of California, San Jose Division (case no. 97–54584–MM–7). CDC is the holder of an unsecured claim against Santa Clara in the amount of $960,-922.00. Work/Family is the holder of a claim against Santa Clara, scheduled as secured in the amount of $3,272,589.75, based upon the debtor's liability under the promissory note.

On June 12, 1997, CDC filed a notice of removal of the Massachusetts court proceeding to the United States Bankruptcy Court for the District of Massachusetts pursuant to 28 U.S.C. § 1334(b), (e) and 28 U.S.C. § 1452, asserting that said action is inextricably intertwined with the claims litigation in Santa Clara's bankruptcy proceeding. On June 16, 1997, CDC filed its answer to the Massachusetts complaint. On that same date, CDC filed it's "Objection to Allowance of Claim of Work Family Directions Development Corporation and Counterclaim for Determination of Nature, Extent and Validity of Lien" in Santa Clara's bankruptcy case, thereby commencing adversary proceeding no. 97–5306–MM.

On July 8, 1997, Work/Family filed a motion to remand the removed action back to the state court. CDC filed an opposition to the remand motion on July 15, 1997, and, on that same date, filed a motion to transfer venue of the removed proceeding to the bankruptcy court in California where Santa Clara's case is pending.

At a hearing held on August 12, 1997, the Massachusetts bankruptcy court granted Work/Family's motion to remand and denied CDC's motion to transfer venue.[1] CDC filed a notice of appeal of the court's decision on August 22, 1997.

### Discussion

■■■ The removal of state court actions to the bankruptcy court is provided for in 28 U.S.C.A. § 1452(a), which states that "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b), which delineates jurisdiction over bankruptcy proceedings, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The district court may refer bankruptcy jurisdiction to the bankruptcy court pursuant to 28 U.S.C.A. § 157(a). Thus, a party may remove a cause of action from state court to the bankruptcy court if it is an action arising under title 11 [2], or arising in [3] or "related to" [4] a case under title 11. The procedure for removing a cause of action to the bankruptcy court is set forth in Bankruptcy Rule 9027.[5]

---

1. Specifically, the court found "I've thought about this a good deal since we last met, and I agree with all counsel that the question is whether this has any conceivable effect on my estate— the estate that I'm administering." I think not. I think it's just too remote to be even related to in the vaguest sense of the word.
"I'm going to grant the motion to remand, and I don't believe it is appropriate for me to send this to California since the parties chose a venue, and that's where they are. So the motion to move venue will be denied as well." Transcript of Hearing of August 12, 1997, Appellant's Excerpt of Record, p. 73.

2. Proceedings "arise under" title 11 if they involve a "cause of action created or determined by a statutory provision of the Bankruptcy Code" *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein)*, 201 B.R. 1, 4 (Bankr.D.Maine 1996) (citations omitted).

3. "Proceedings 'arising in' a bankruptcy case 'are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.' " *Goldstein*, 201 B.R. at 4 (citations omitted).

4. "Related to" jurisdiction, the most expansive component of § 1334(b), "extends to matters 'concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights.' " *Goldstein*, 201 B.R. at 4 (citations omitted).

5. Fed.R.Bankr.P. 9027 details the procedure to be filed in filing a notice of removal, as well as the procedure to be filed after an action is removed.

■ When presented with a motion to remand a proceeding which has been removed from the state court, the bankruptcy court must first evaluate whether the state court action was properly removed; that is, it must determine whether it has subject matter jurisdiction over the proceeding. In doing so, the bankruptcy court must decide whether the removed action is one arising under or arising in a case under title 11 or is an action "related to" a case under title 11. If it is, the bankruptcy court may entertain the removed proceeding. However, if the bankruptcy court does not have subject matter jurisdiction over the removed proceeding, then it may not hear the matter and the case should be remanded pursuant to 28 U.S.C. § 1447(c) [6], which provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

■ Even if the court has jurisdiction, further basis for remanding a removed cause of action lies in 28 U.S.C. § 1452(b), which provides that the court to which a claim or cause of action is removed may remand the claim or cause of action on any equitable ground. The bankruptcy court must first determine whether the matter is even properly before it, prior to reaching considerations of equity. *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 993 (3rd Cir.1984) ("Equitable action by the bankruptcy court based on subsection (b) must first presume that removal was legally proper under subsection (a).") [7] *See also, Seybolt v. Bio–Energy of Lincoln, Inc.,* 38 B.R. 123, 126 (Bankr.D.Mass.1984) ("A prerequisite for removal under section 1478 is that the bankruptcy court have jurisdiction over the claim or cause of action sought to be removed.")

In the state court action which was removed to the bankruptcy court, Work/Family was seeking a declaratory judgment that CDC is liable to it, pursuant to the guaranty executed on June 17, 1993, wherein CDC's predecessor guaranteed Santa Clara's debt to Work/Family's predecessor. It is clearly not an action "arising under title 11", nor an action "arising in" a proceeding under title 11. Whether it is an action "related to" a proceeding under title 11 in light of Santa Clara's bankruptcy petition is not as clear. Appellees argue that the state court proceeding is merely a declaratory judgment action to determine the rights and obligations of two non-debtor parties and will have no conceivable substantive effect on the bankruptcy estate. On the other hand, appellants argue that the state court proceeding is an action between two creditors of the debtor who are also involved in claims litigation within Santa Clara's bankruptcy proceeding, and that since said litigation arises out of the same underlying transaction as the state proceeding, the two are inextricably intertwined.

*JURISDICTION: RELATED TO PROCEEDINGS*

■ The type of civil proceedings encompassed within § 1334(b) as "related to proceedings" are those whose outcome could conceivably have an effect on the bankruptcy estate, and which (1) involve causes of action owned by the debtor that became property of a title 11 estate under § 541, or (2) are suits between third parties which "in the absence of bankruptcy, could have been brought in a district court or a state court." 1 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 3.01[4][c][ii] (15th ed. rev.1998), citing *In re Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1286 (10th Cir.1984). Not all litigation between third parties falls within the court's "related to" jurisdiction. The test most widely used to determine whether litigation falls within the jurisdictional grant of

---

6. Section 1447(c) provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

7. The court in *Pacor* is referring to 28 U.S.C. § 1478, which the court therein notes was reenacted as 28 U.S.C. § 1452 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984), which became effective July 10, 1984.

§ 1334(b) is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Collier,* ¶ 3.01[4][c][ii] at 3–24, citing *Pacor.* The First Circuit has recognized the *Pacor* test in *In re Parque Forestal, Inc.,* 949 F.2d 504, 509 (1st Cir.1991), and *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir. 1991). Further, the *Pacor* test has been frequently applied by district and bankruptcy courts within the First Circuit.[8]

The court in *Pacor* noted that, in enacting 28 U.S.C. § 1471 (the predecessor to § 1334), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." 743 F.2d at 994.[9] The jurisdiction of the bankruptcy courts to hear related matters is broad but not unlimited. *Id.* There must be some nexus between the "related proceeding" and the title 11 case for the bankruptcy court to have subject matter jurisdiction. *Id.* Thus, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor,* 743 F.2d at 994.

The bankruptcy court determined that the state court proceeding between Work/Family and CDC was too remote to have any conceivable effect on the administration of Santa Clara's estate. (Transcript of hrg. held 08/12/97 at p. 5). Appellant argues that it is well-settled that an action against a contractual guarantor of the debtor who will be indemnified clearly is a "related to" matter within the bankruptcy court's jurisdiction. *Seybolt v. Bio–Energy ·of Lincoln, Inc.,* 38 B.R. at 126–7; *A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co., Inc.),* 788 F.2d 994, 999–1008 (4th Cir.1986), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, ·93 L.Ed.2d 177 (1986); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 995 (3rd Cir.1984); *Burns ·v. First Citizens Bank & Trust Co. (In re Rainbow Sec. Inc.),* 173 B.R. 508, 511–12 (Bankr.M.D.N.C.1994); *Hughes–Bechtol, Inc. v. Air Enterprises, Inc. (Matter of Hughes–Bechtol, Inc.),* 107 B.R. 552, 556 (Bankr.S.D.Ohio 1989); *Dak Mfg. Corp. v. Coordinated Components Corp. (Matter of Dak Manufacturing Corp.),* 73 B.R. 917, 921 (Bankr.D.N.J.1987). Appellant further argues that the state court proceeding is a dispute between two creditors of Santa Clara, the outcome of which will affect the obligations of the debtor to its creditors. *Sutherland v. Kaonohi Ohana, Ltd. ·(In re Kaonohi Ohana, Ltd.),* 873 F.2d 1302, 1,307 (9th Cir.1989). Moreover, appellant argues that the validity, enforceability and amount of underlying debt is at issue in both the state court litigation and the claims litigation. Furthermore, the state court proceeding will directly impact the claims allowance process because it will determine the extent of CDC's indemnification claim against Santa Clara.

Appellee answers that the outcome of the state court litigation will have no financial impact on Santa Clara's bankruptcy estate or

---

8. *See, e.g., Zahn v. Yucaipa Capital Fund (In re Almac's, Inc.),* 202 B.R. 648, 654 (D.R.I.1996); *United States v. Kaplan,* 146 B.R. 500, 505 (D.Mass.1992); *Paris Manufacturing Corp. v. Ace Hardware Corp. (In re Paris Industries Corp.),* 132 B.R. 504, 507 (D.Maine 1991); *Philippe v. Shape, Inc.,* 103 B.R. 355, 356 (D.Me.1989) ("This rather broad test focuses on the potential effect upon the estate itself, rather than upon the amount of overlap of the facts underlying the proceedings."); *Central Maine Restaurant Supply v. Omni Hotels Management Corp.,* 73 B.R. 1018, 1023 (D.Maine 1987) ("*Pacor* test for relatedness is 'a rather broad formulation.' "); *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein),* 201 B.R. at 4; *Boyajian v. DeLuca (In re Remington Development Group, Inc.,)* 180 B.R. 365, 369 · (Bankr.D.R.I.1995); *Cenith Partners, L.P. v. Hambrecht & Quist, Inc. (In re VideoCart, Inc.),* 165 B.R. 740, 743 (Bankr.D.Mass.1994); *South-* ern Marine and Industrial Services, Inc. v. AK Engineering, Inc. (In re AK Services, Inc.), 159 B.R. 76, 84 (Bankr.D.Mass.1993); *In re Curran,* 157 B.R. 500, 505 (Bankr.D.Mass.1993); *Cioffi v. Old Stone Bank (In re C.A.C. Jewelry, Inc.),* 124 B.R. 419, 420 (Bankr.D.R.I.1991); *Realty Data, Inc. v. Lanciaux (In re Lanciaux),* 76 B.R. 254, 256 (Bankr.D.R.I.1987); *Unique Metal Works, Inc. v. Thermo Engineering Corp.,* 47 B.R. 656, 659 (Bankr.D.R.I.1985).

9. *See, e.g., Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works),* 815 F.2d 165, 168 (1st Cir. 1987), wherein the court stated "the legislative history of the new statute indicates that Congress intended that core proceedings would be interpreted broadly, close to or congruent with constitutional limits."

the amount of its claims. Rather, it will merely result in a declaration as to whether the guaranty is valid and enforceable. Although Work/Family will seek a specific and liquid amount from CDC under the guaranty, the fact that CDC's liability may depend upon the amount left after Work/Family forecloses on its claim against Santa Clara goes only to the ripeness of Work/Family's damage claim. According to Appellee, this does not indicate that the state court proceeding will have any impact on the bankruptcy case; rather, the value of Santa Clara's estate may affect the amount of CDC's liability in the state court proceeding. Appellee argues that any potential contribution claim which CDC may have against Santa Clara is insufficient to confer subject matter jurisdiction upon the bankruptcy court. *Cenith Partners, L.P. v. Hambrecht & Quist, Inc. (In re VideOcart, Inc.)*, 165 B.R. 740, 743–44 (Bankr.D.Mass.1994).

*VideOcart* involved a state court action for securities fraud by a creditor against a non-debtor third-party which was removed to the bankruptcy court. The bankruptcy court observed that suits between non-debtor third parties which affect the administration of the bankruptcy estate are considered "related proceedings". *VideOcart*, 165 B.R. at 743. However, the court found that the removed action therein did not have a sufficient nexus to, or effect on, the bankruptcy estate to confer "related to" jurisdiction on the court. *Id.* at 744. The court further found that the appearance of the plaintiff as a creditor in the bankruptcy proceeding is irrelevant, and that a recovery by the plaintiff against the defendant will not directly affect the bankruptcy estate because it is only a precursor to a potential contribution claim and is "too tenuous and speculative an event at this point in time to confer 'related to' jurisdiction". *Id.*

The court in *VideOcart* went on to discuss that, even if removal of the state court action had been proper, there were compelling reasons for an equitable remand of the matter under § 1452(b). The court noted the following factors to be considered by a court exercising jurisdiction to remand a removed action:

(1) the effect of the action on the administration of the bankruptcy estate;

(2) the extent to which issues of state law predominate;

(3) the difficulty of applicable state law;

(4) comity;

(5) the relatedness or remoteness of the action to the bankruptcy case;

(6) the existence of a right to a jury trial; and

(7) prejudice to the party involuntarily removed from state court.

165 B.R. at 744. In applying these criteria to the facts of the case, the court found that there was no connection between the bankruptcy case and the state court action. The state court action raises no bankruptcy issue, just factual and legal issues regarding securities law, state law and common law, and the plaintiff's request for a jury trial would require transfer of the removed proceeding to the district court. *Id.*

The appellant distinguishes *VideOcart* from the case before this panel, arguing that the parties therein were not "contractual guarantors", but rather were parties who "might have contribution claims against the Debtor in the future if the plaintiff is successful." 165 B.R. at 744. According to appellant, *Seybolt* is factually closer to the case before the panel.

*Seybolt* involved a state law action by a creditor against the sole general partner of a limited partnership which was a chapter 11 debtor and several individual guarantors of the obligation. The defendants filed counterclaims and cross-claims, bringing the debtor into the action, and the debtor removed the proceeding to the bankruptcy court. The creditor filed a motion for remand, and the general partner filed a motion for change of venue to the bankruptcy court where the debtor's reorganization proceeding was pending. Although decided before *Pacor*, the court followed a similar standard in determining whether it had jurisdiction over the matter, noting

[T]he bankruptcy court has jurisdiction to hear all proceedings related to a case filed under the Bankruptcy Code. This jurisdictional grant extends to any matter which

may have any effect on the bankruptcy case. It may also extend to non-debtor third-parties, including guarantors and principals of the debtor, and to non-debtor general partners of a debtor partnership.

Whether the bankruptcy court should exercise its related jurisdiction over these non-debtor parties depends upon "whether the determination of the claims against the Non–Debtor will or will not affect the Debtor's assets and/or liabilities as they existed at the date of the petition and its bankruptcy schedules."

*Seybolt,* 38 B.R. at 126–127 (citations omitted).

The bankruptcy court in *Seybolt* found that the creditor's claims against the general partner were within the court's jurisdiction because the legal relationship between a partnership and its general partner makes an action to collect partnership debts from the individual partner a proceeding "related to" the partnership's bankruptcy proceeding. *Id.* at 127. The bankruptcy court further found that the creditor's claims against the individual guarantors were also within the court's jurisdiction because "the collection from a non-debtor guarantor will not ordinarily affect the debtor-principal because the right to demand payment from the debtor merely changes hands; it passes from the creditor to the guarantor. Under certain circumstances, collection of a debt from the guarantor will have repercussions on the debtor-principal...." *Id.* at 127 (citations omitted). The court found those circumstances to be present—namely, that in this case the principal could be bound by a judgment against a guarantor. Accordingly, the court in *Seybolt* stayed the action and granted the motion for change of venue to the bankruptcy court where the debtor's reorganization proceeding was pending. *Id.* at 128.

Appellant cites to a number of other cases where the defendants were contractual guarantors of the debtor and the bankruptcy court was found to have "related to" subject matter jurisdiction over a removed state court proceeding. In *Rainbow Sec.* the court held there was "related to" jurisdiction over a third-party action by a creditor-bank against officers and directors of the debtor

who had personally guaranteed a loan secured by real property. 173 B.R. at 512. The court reasoned that the outcome of the third-party action would determine which party to the third-party action would be a creditor of the estate, which could have a significant effect on the administration of the estate and, further, that the third-party defendant is closely and extensively intertwined with the other parties involved in the transaction subject of the action. *Id.* at 511–12.

In *Hughes–Bechtol,* the court held there was jurisdiction over a removed action, noting that one of the defendants occupies a surety relationship with the debtor. 107 B.R. at 556. The court found that:

[T]he resolution of the state court proceeding would establish set-off rights among the parties pursuant to 11 U.S.C. § 553, subrogation rights pursuant to 11 U.S.C. § 509 and lien rights pursuant to 11 U.S.C. § 506, both in the state court proceeding and, under preclusion principles, in this bankruptcy case. The state action would directly impact, in whole or in part, the above parties' claims to a share in the distribution of the assets of Hughes–Bechtol's estate and result in the restructuring of the debtor-creditor relationship among these parties.

*Id.* (citations omitted).

In *Dak Mfg.,* the court, citing to *Pacor,* stated

[E]ven in the absence of an explicit indemnification agreement, an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that creditor's status, vis-a-vis, other creditors, and that the administration of the estate therefore depends upon the outcome of that litigation. Moreover, when the guarantors might possibly be exposed to inconsistent judgments, the equities weigh in favor of removal.

This Court concurs with that line of cases holding that a proceeding against a debtor's guarantor is "related to" the debtor's title 11 case within the meaning of 28 U.S.C. § 1334 and 28 U.S.C. § 157(c)(1).

73 B.R. at 921. *Compare Pacor,* wherein the court declined to find "related to" jurisdiction

over a state court proceeding in which a chapter 11 debtor was a third-party defendant, stating:

> In this case, however, there would be no automatic creation of liability against Manville on account of a judgment against Pacor. Pacor is not a contractual guarantor of Manville, nor has Manville agreed to indemnify Pacor, and thus a judgment in the Higgins–Pacor action could not give rise to any automatic liability on the part of the estate.

743 F.2d at 995. The court went on to note:

> Furthermore, Higgins is not a creditor of Manville and has filed no claim against Manville. Any judgment obtained would thus have no effect on the arrangement, standing, or priorities of Manville's creditors. There would therefore be no effect on administration of the estate, until such time as Pacor may choose to pursue its third-party claim.

*Id.* at 996.

Appellee argues that appellant's reliance on the *Seybolt* case is misplaced, and distinguishes it from the matter before the panel. According to appellee, CDC has no right to indemnification from Santa Clara and, even if it did, said right would not be triggered by a determination of Work/Family's declaratory judgment action, especially since, under the terms of the guaranty, CDC waived its right to enforce any such indemnification claim. Appellee argues that *Seybolt,* and the other cases cited by CDC, merely stand for the proposition that an action between a non-debtor and a non-debtor guarantor of a debtor's obligation may be subject to the automatic stay where the guarantor has a clear contractual or legal right to indemnification from the debtor.

According to appellant, however, it is irrelevant whether the parties executed an indemnification agreement for the purpose of determining the existence of jurisdiction. Rather, the fact that the defendant is a contractual guarantor of the debtor is sufficient to confer "related to" subject matter jurisdiction in the bankruptcy court over the state court proceeding. Appellant cites cases in addition to *Seybolt* in which an action against a contractual guarantor was found to be a related proceeding without mentioning of an indemnity agreement. *In re Rainbow Sec., Inc.,* 173 B.R. at 511–12 (no mention of indemnity agreement); *Matter of Dak Mfg. Corp.,* 73 B.R. at 921 (court notes absence of specific written indemnification agreement or guarantee).

The effect of an indemnification agreement on the existence of "related to" jurisdiction was discussed by the court in *Boyajian v. DeLuca (In re Remington Development Group, Inc.),* which stated:

> Those third-party disputes over which related-to jurisdiction may exist often involve potential indemnification claims against the estate by the third-party defendant.... But not every potential indemnification claim against the debtor will satisfy related-to jurisdiction requirements.... [T]he most that can be said with assurance is that some third-party, non-debtor disputes may fall within the bankruptcy court's related-to jurisdiction *if* resolution of that dispute may give rise to claims that affect the bankruptcy estate.

180 B.R. at 369–370. *See also, Central Maine Restaurant Supply v. Omni Hotels Management Corp.,* 73 B.R. at 1023–24 (indemnification agreement insufficient to confer "related to" jurisdiction because of contractual conditions precedent). *But see, Philippe v. Shape, Inc.,* 103 B.R. at 358 (indemnification agreement sufficient to confer "related to" jurisdiction over suit against officers and directors of debtor corporation).

As can be seen from the foregoing discussion, the determination of whether a removed state court proceeding is sufficiently related to a debtor's bankruptcy to confer subject matter jurisdiction is complicated by what appear to be contradictory opinions. As stated by the court in *Rainbow Security, Inc.,* after discussing the *Pacor* test,

> Unfortunately, the application of the test has been far less consistent than has been the acceptance of the test. The result is that some cases seemingly have reached opposite conclusions regarding jurisdiction when applying the same test to fact situations which are very similar.

173 B.R. at 511. The court went on:

> In attempting to resolve the jurisdiction question in this case the court has looked

primarily to those cases involving suits or third-party claims against guarantors or sureties of a debtor's obligations which were brought by a creditor or some party other than the trustee or the debtor. Even with this narrowed scope of consideration the cases are not entirely consistent. *Id.* The court agreed with those cases which had sustained jurisdiction over claims against guarantors and sureties, and found there to be jurisdiction in the case before it. *Id.*

■ The panel finds that in this appeal the removed state court proceeding is not sufficiently related to the debtor's bankruptcy case to confer subject-matter jurisdiction upon the bankruptcy court. The outcome of the state court proceeding will not have a substantial and direct financial impact upon the reorganization proceeding; rather, it will merely determine the validity and enforceability of a guaranty between two creditors of the debtor. As opposed to the situation in *Rainbow Sec.,* the substitution of creditors in the case before the panel will not affect the debt structure of the debtor. The resolution of the state court proceeding will not directly affect the claims litigation in the bankruptcy case; rather, it is only a precursor to a potential claim by Work/Family against CDC and is insufficient to confer related-to jurisdiction upon the bankruptcy court.

The panel agrees that the application of the *Pacor* standard has been inconsistent in regard to actions against guarantors of the debtor. However, considering the matter on appeal, it sides with courts that find an insufficient nexus to confer "related to" subject matter jurisdiction on the bankruptcy court, in state court actions involving non-debtor parties, which may result in contribution/substitution of creditors without a change in the classification of a claim as it relates to the debtor. Accordingly, the panel affirms the decision of the bankruptcy court to remand the removed proceeding to the state court.

## CHANGE OF VENUE

Finally, appellant argues that the bankruptcy court erred in remanding the state court proceeding instead of granting its motion for change of venue, and in so doing, improperly decided equitable matters better left to the bankruptcy court where the debtor's case is pending. *Seybolt,* 38 B.R. at 128; *Aztec Ind., Inc. v. Standard Oil Co. (In re Aztec Ind., Inc.),* 84 B.R. 464, 467–68 (Bankr. N.D.Ohio 1987); *Kinney Systems, Inc. v. Intermet Realty Partnership (In re Convent Guardian Corp),* 75 B.R. 346, 347 (Bankr. E.D.Pa.1987); *Seybolt,* 38 B.R. at 128; *Colarusso v. Burger King Corp.,* 35 B.R. 365, 368 (Bankr.E.D.Pa.1984); *Stamm v. Rapco Foam, Inc.,* 21 B.R. 715, 724–25 (Bankr. W.D.Pa.1982). The court in *Convent Guardian* stated:

> All of the known authorities hold that, where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action.

75 B.R. at 347. Similarly, the court in *Stamm* held:

> The local bankruptcy court is the most convenient court to receive removal petitions and acts as the first court to review them. If it is also the "home" court, it will decide whether to hear the matter or remand it to the district court pursuant to Section 1478(b). If the local bankruptcy court is not the "home" court, it should transfer the case to the "home" court.

21 B.R. at 724–25.

■ The case before the panel is distinguishable from those on which appellant relies. In this adversary proceeding the bankruptcy court was not remanding pursuant to 28 U.S.C. § 1334(c), rather, the bankruptcy court found that it lacked jurisdiction to entertain the matter at all. *See, e.g., Aztec Industries, Inc.*[10], wherein the court held that even though a final ruling on the venue

---

**10.** The court In *Aztec Industries* ultimately found that the state court action was properly removed, and therefore recommended that venue be transferred. 84 B.R. at 468, 470.

issues, and many sub-issues, should be left to the "home" bankruptcy court,

> [T]his Court should decide the jurisdictional issues raised by the Defendants. If there is a jurisdiction defect and the parties and the action are not properly before the Court, any action taken by the Court would be void. The Bankruptcy Court must have jurisdiction over a claim that is removed· to it. Moreover, in light of the parties choice of forum clause contained in their contract, the bankruptcy court was correct in remanding the proceeding to the Massachusetts state court without granting the motion for change of venue.

84 B.R. at 467.

### Conclusion

The panel affirms the bankruptcy court's finding that the state court action should be remanded for not being within the jurisdiction of the bankruptcy court as it is not "related to" a case under title 11. The panel further affirms the bankruptcy court's decision denying the request for change of venue.