**In re METROBILITY OPTICAL SYSTEMS, INC., Debtor.**

**No. 01–12817–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

Oct. 3, 2001.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, for U.S. Trustee.

John Sigel, Hale & Dorr, Boston, MA, for debtor.

David K. Pinsonneault, Winer and Bennett, Nashua, NH, for debtor (local counsel).

Daniel Sklar, Peter Tamposi, Nixon Peabody, LLP, Manchester, NH, for HECOP III, LLP.

Michael Askenaizer, Nashua, NH, for Bank of New Hampshire.

Philip F. Coppinger, Jon Schneider, Goodwin, Procter, Boston, MA, Timothy Smith, Manchester, NH, for Sierra Partners, VII, L.P.

Peter T. Crothers, Sager Electronics Supply, Hingham, MA, for Sager Electronics Supply pro se.

Steven Holzman, Colonial Electronics Manufacturers, Inc., Nashua, NH, for Colonial Electronics pro se.

Betty Monti, Arrow Electronics, Inc., Melville, NY, corporate counsel for Arrow Electronics.

Richard W. O'Keefe, ElectroPac Co., Inc., Manchester, NH, for ElectroPac Co., Inc. pro se.

Stuart Schuster, Brevan Electronics, Inc., Merrimack, NH, for Brevan Electronics Inc. pro se.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it Metrobility Optical Systems, Inc.'s (the "Debtor's") Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction and the Objection of HECOP III, LLC (HECOP or the "Lessor") to Debtor's Motion. At a hearing held on September 14, 2001, the Court heard testimony and took the matter under advisement to consider the issues raised, including whether the Debtor had defaulted under the terms of its lease. The parties submitted supplemental memoranda of law on their respective motions. Based upon the record before the Court and for the reasons set out below, the Court denies HECOP's Objection and grants a preliminary injunction against HECOP and its assignees, enjoining them from certifying either that default exists on the part of the Debtor or that, under its provisions, the lease terminated.

### Facts

On August 7, 2000, the Debtor and HECOP entered into an Indenture of Lease (the "Lease") for premises located at 25 Manchester Street, Merrimack, New Hampshire for a term of seven years. Lease § 1 (Debtor's Ex. No. 1). The rent for the initial year of the term was $1,063,440.00 or $88,620.00 per month. *Id.* § 2. The Lease provisions reference an Irrevocable Letter of Credit (the "Letter of Credit"), which the Debtor and Lessor executed simultaneously with the Lease. *Id.* §§ 21.2, 25. The Bank of New Hampshire issued this irrevocable standby Letter of Credit in the amount of $1,792,000.00 in favor of the Lessor, securing the performance of the Debtor's obligations under the Lease. *Id.* § 25.

The Lease provides "until the Lease is terminated by the Lessor for Default by the Lessee, or when [ ] the Letter of Credit is not renewed for a second two (2) year term, it will not draw down the entire amount of the Letter of Credit." *Id.* § 25. Pursuant to the terms of the Letter of Credit, in order to draw upon it, the holder must certify that the Debtor "'... has failed to pay or perform one or more of its obligations under that certain Lease dated August 7, 2000 (the "Lease") ... or Lessee has failed to replace this Letter of Credit as required under the terms of the Lease....'" Letter of Credit, Ex. F (Debtor's Ex. No. 1).

Section 21 of the Lease lists several events of default. Lease § 21 (Debtor's Ex. No. 1). Of relevance to these proceedings, Section 21.1(iv) provides that the filing of a voluntary bankruptcy constitutes an event of default under the Lease. If an event of default occurs, "Lessee shall be deemed in default and Lessor shall then and thereupon at any time have the right to terminate this Lease by delivery of written notice of the termination to the Lessee." *Id.* § 21. Further, if there is an uncured default, the Lessee shall "become immediately liable to the Lessor in an amount equal to the total rent reserved for the balance of the term together with such

reasonable expenses as Lessor may incur for legal expenses." *Id.* § 21.1. Additionally, upon default, the Lease provides that the Lessor is entitled "to immediately draw against the Security Deposit or Letter of Credit ... to satisfy itself with an amount equal to the total rent reserved for the balance of the term together with such reasonable expenses...." *Id.* § 21.2.

By its terms, the Letter of Credit expires on August 7, 2002. At the hearing, Peter Grodin, the Debtor's Vice President of Finance, testified that the Debtor is current with its rent payments and has paid and performed all of its other obligations under the Lease.

The Debtor filed for bankruptcy protection under chapter 11 on September 10, 2001. On September 11, 2001, the Lessor served upon the Debtor a Notice of Default of Lease and a Notice of Termination of Lease ("Notices"). On September 12, 2001, Debtor filed its Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction. On September 14, 2001, HECOP filed its objection.

### *Jurisdiction*

■ This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (Di-Clerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

HECOP asserts that this Court lacks subject matter jurisdiction to enjoin the drawing or payment of the Letter of Credit, citing *First Fidelity Bank, N.A. v. Prime Motor Inns, Inc (In re Prime Motor Inns, Inc)*, 130 B.R. 610 (S.D.Fla.1991). However, the conclusions in that case are not applicable to the present matter. *In re Prime Motor Inns* involved letters of credit, issued on the Debtor's behalf, to secure bond indentures to which the Debtors were not parties. 130 B.R. at 611. The Court held that "[t]he bankruptcy court did not have jurisdiction to interfere with these separate and independent contracts to which the Debtors were not parties." *Id.* at 612. In the present case, however, the Court's grant of a preliminary injunction stems from the terms of the Lease to which the Debtor is a party. The Court is well within its jurisdictional authority to make a determination about the terms of a Lease between a Debtor and a third-party. 28 U.S.C. § 1334 and 157; *see also Balzotti, et al. v. RAD Investments, LLC (In re Shepherds Hill Development Co., LLC)*, 263 B.R. 673 (Bankr. D.N.H.2001) (" 'Proceedings arise under title 11 if they involve a cause of action created or determined by a statutory provision of the bankruptcy code.' ") (*quoting Work/Family Directions, Inc. v. Children's Discovery Ctr., Inc. (In re Santa Clara County Child Care Consortium)*, 223 B.R. 40, 43 n. 2 (1st Cir. BAP 1998) (citations omitted)).

### *Discussion*

■ Federal Rule of Civil Procedure 65(a) governs the issuance of preliminary injunctions. FED.R.CIV.P. 65(a). Bankruptcy Rule 7065 makes Rule 65 of the Federal Rules of Civil Procedure applicable to adversary proceedings. FED. R.BANKR.P. 7065. Courts typically consider the following four factors in issuing a preliminary injunction:

(1) that plaintiff will suffer irreparable injury if the injunction is not granted;

(2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant;

(3) that plaintiff has exhibited a likelihood of success on the merits; and

(4) that the public interest will not be adversely affected by the granting of the injunction.

*See Sunshine Development Inc. v. Federal Deposit Ins. Corp.,* 33 F.3d 106, 110–111 (1st Cir.1994) (*citing Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991); *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 892 (1st Cir.1988)); *In re Public Serv. of N.H.,* 98 B.R. 120, 121 (Bankr.D.N.H. 1989).

The Debtor has exhibited a likelihood of success on the merits. The Bankruptcy Code embraces the policy of preventing the enforcement of *ipso facto* clauses, which automatically terminate a contract or a lease or allow the other party to terminate in the event of a bankruptcy filing. 3 COLLIER ON BANKRUPTCY ¶ 365.05[4] (Lawrence P. King ed., 15th Ed.2001). Section 365(e) invalidates *ipso facto* clauses in executory contracts and unexpired leases. 11 U.S.C. § 365(e). More specifically, section 365(e)(1) provides that "[n]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified ... at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—(B) the commencement of a case under this title." *Id.* § 365(e)(1)(B). In addition, the curing, compensation and adequate assurance requirements of section 365(b)(1) do not apply to defaults that are a result of a breach of a provision relating to the commencement of a case under Title 11 of the United States Code. *Id.* § 365(b)(2), (e).

A representative of the Debtor testified, and HECOP did not dispute, that the Debtor was current on its Lease payments and the Letter of Credit had not yet come up for renewal. HECOP, however, argues that the triggering event of default was the Debtor's filing of a voluntary bankruptcy petition on September 10, 2001 and that, based on the filing, the Lessor is entitled to draw upon the Letter of Credit. The Code invalidates an *ipso facto* bankruptcy filing as the basis for default and, thus, as a matter of federal bankruptcy law, the Debtor upon filing was not in default under the terms of its Lease. 11 U.S.C. § 365(b)(2), (e). As a consequence, HECOP did not have a basis upon which to issue the Notices upon Debtor on September 11, 2001.

Further, the present factual scenario before the Court is unlike those of the cases cited by HECOP for the assertion that drawing upon letters of credit does not violate the *ipso facto* clause of § 365(e)(1). Both *In re Prime Motor Inns* and *In re Zenith Laboratories, Inc.* involved letters of credit, issued on the Debtor's behalf, to secure bond indentures to which the Debtors were not parties. *See In re Prime Motor Inns,* 130 B.R. at 611; *In re Zenith Laboratories, Inc.,* 104 B.R. 667 (Bankr. D.N.J.1989). In this case, the Letter of Credit secures performance under a Lease to which the Debtor is a party, and it is pursuant to the terms of the Lease that this injunction issues.

The Debtor will suffer irreparable injury if the Court does not grant its preliminary injunction. The Debtor has not yet determined whether it will reject or assume the unexpired Lease pursuant § 365(a). 11 U.S.C. § 365(a). HECOP provided Debtors Notice of their intent to draw upon the Letter of Credit in its full amount, $1,792,000.00. The Debtor alleges that the amount exceeds any potential rejection claim of the landlord. Further, to the extent that the Letter of Credit is drawn upon, the security interest granted to the Bank of New Hampshire would be funded.

Further, the harm to the Debtor if the preliminary injunction did not issue out-

weighs the harm to HECOP as a result of the injunction. HECOP will remain in much the same position while the Court has an opportunity to administer the Debtor's bankruptcy estate. The Debtor is current on its rent payments and other obligations under the Lease. HECOP is still protected by the Letter of Credit.

The public interest will be served by granting a preliminary injunction. By enjoining HECOP from certifying that the Debtor defaulted under terms of the Lease because the Debtor filed a voluntary petition of bankruptcy, the Court is protecting the Bankruptcy policy of not enforcing *ipso facto* clauses. Further, the issuance of a preliminary injunction will not affect the integrity of Letters of Credit. The Court's determination is based on the Lease provisions and their treatment under the Bankruptcy Code, and not contract principles relating to Letters of Credit.

■ Further, Section 362(a) provides that "[e]xcept as provided in subsection (b) ... a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Since HECOP issued the Notices of Default and Termination of the Lease after the filing of the petition and without relief from the automatic stay, those notices are void. *See e.g. Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976 (1st Cir.1997); *ICC v. Holmes Transportation, Inc.*, 931 F.2d 984, 987 (1st Cir.1991) ("Judicial actions and proceedings, as well as extrajudicial acts, in violation of the automatic stay, are generally void ... unless countenanced by the court in which the [bankruptcy] petition is pending.").

### *Conclusion*

The Court finds that there was no termination of the lease because the *ipso facto* clause, which HECOP argued triggered default, is unenforceable. Section 365(b)(2) in fact cured the Debtor's insolvency default upon filing and, thus, no default exists. As a consequence, the Lessor's notices of default and termination were void under § 365(e) because HECOP had no basis under which to draw upon its Letter of Credit with the Bank of New Hampshire. Further, the notices also were also void pursuant to § 362 because they were issued post-petition and without relief from the automatic stay. Therefore, the Debtor's motion for a preliminary injunction is granted.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

Pursuant to Federal Rule of Bankruptcy Procedure 9014, this matter will be treated as an adversary proceeding and is set for a pre-trial hearing on **December 4, 2001 at 1:30 P.M.** in the Bankruptcy Courtroom, 7th Floor, 275 Chestnut Street, Manchester, New Hampshire.